**UNITED STATES of America, Appellee,**

**v.**

**William RUIZ-VARGAS a/k/a William Ruiz a/k/a Willie Ruiz, Appellant.**

**No. 88-2465.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 7, 1989.

Decided May 4, 1989.

[redacted]

[redacted]

[redacted]

**1158**

James H. Hoppe, Lincoln, Neb., for appellant.

Michael P. Norris, Asst. U.S. Atty., Omaha, Neb., for appellee.

Before JOHN R. GIBSON, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

William Ruiz–Vargas appeals from his conviction and sentence following a guilty plea to one count of conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). We affirm.

On December 17, 1987, Ruiz–Vargas was indicted on one count of conspiring to distribute cocaine, one count of using a telephone to facilitate a conspiracy to distribute cocaine, one count of traveling in interstate commerce to carry out the conspiracy, and one count of possession with intent to distribute cocaine. On January 22, 1988, Ruiz–Vargas agreed to plead guilty to one conspiracy count, and to cooperate with the government, in exchange for the government's agreement to dismiss the other counts and to file a motion requesting that the court depart from the sentencing guidelines.

Ruiz–Vargas entered his guilty plea on March 16, 1988. Thereafter, the government filed a motion to depart from the sentencing guidelines, and Ruiz–Vargas

filed a motion to invalidate the sentencing guidelines. The district court, sitting en banc, declared the sentencing guidelines unconstitutional on separation-of-powers grounds. Ruiz–Vargas was therefore sentenced, under statutes existing before adoption of the guidelines, to six years' imprisonment, to be followed by three years supervised release including 500 hours of community service, a special assessment of $50.00 and costs. The sentencing court[1] noted that it was "guided by" the sentencing guidelines but did not feel bound by them. On appeal, Ruiz–Vargas argues that his sentence represents an abuse of discretion in the light of his lack of a criminal record, his cooperation with the authorities, his remorse, and his excellent prospects for rehabilitation.

The district court's ruling on the constitutionality of the sentencing guidelines has been superseded by the Supreme Court's recent opinion in *Mistretta v. United States,* — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). *See United States v. Brittman,* 872 F.2d 827 (8th Cir.1989). The government's brief informs us that under the guidelines Ruiz–Vargas's sentence would fall within a range of 97 to 121 months. Ruiz–Vargas does not seek resentencing under the sentencing guidelines.

This court will generally not overturn a sentence which falls within statutory limits. *United States v. Rubin,* 836 F.2d 1096, 1103 (8th Cir.1988). Ruiz–Vargas was subject to a penalty of not less than five nor more than forty years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). At sentencing, the court considered Ruiz–Vargas's cooperation with the government, the fact that Ruiz–Vargas did not have any other criminal convictions, and that Ruiz–Vargas was not likely to become involved in drug activity in the future. The court also considered the large amount of cocaine involved, its high degree of purity, and that Ruiz–Vargas was an organizer of the distribution network. The court's consideration of these factors indicates that the sentence was tailored to fit Ruiz–Vargas's par-

---

**1.** The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

ticular situation, and does not manifest a gross abuse of discretion. *See United States v. Garcia,* 785 F.2d 214, 228 (8th Cir.) (defendant must present clear and convincing case of abuse of discretion or patent violation of constitutional guarantee to warrant setting aside sentence), *cert. denied,* 475 U.S. 1143, 106 S.Ct. 1797, 90 L.Ed.2d 342 (1986).

The judgment is affirmed.